IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CHARLES JERRY HOLBERT | § | |
| --- | --- | --- |
| Petitioner, | § | |
| VS. | § | |
| | § | NO. 3-07-CV-2155-B |
| NATHANIEL QUARTERMAN, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Jerry Holbert, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and denied in part.

I.

In 1968, petitioner was convicted of rape and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Holbert v. State*, 457 S.W.2d 286 (Tex. Crim. App. 1970). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Holbert*, WR-68,607-01 (Tex. Crim. App. Oct. 24, 2007). Petitioner then filed this action in federal district court.

II.

In two grounds for relief, petitioner contends that: (1) the jury was selected in a racially discriminatory manner; and (2) the Texas Court of Criminal Appeals improperly denied his state writ without ruling on the issue presented.

By order dated January 2, 2008, the court *sua sponte* questioned whether this case was time-barred. Petitioner addressed the limitations issue in a written reply filed on January 28, 2008. The court now determines that petitioner's jury selection claim is barred by limitations and his other claim is without merit.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). This period is tolled while a properly filed application for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas

relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to life imprisonment for rape. The Texas Court of Criminal Appeals affirmed his conviction on July 8, 1970 and denied rehearing on August 21, 1970. Petitioner took no further action with respect to his conviction until 2007, when he filed an application for state post-conviction relief. The application was denied on October 24, 2007. Petitioner filed the instant case in federal district court on December 20, 2007.

The statute of limitations started to run on April 24, 1996, the date the AEDPA became effective. *See Flores*, 135 F.3d at 1005. Yet petitioner waited more than *11 years* before seeking state or federal post-conviction relief. In an attempt to avoid the dismissal of this case, petitioner asks the court to toll the statute of limitations on equitable grounds. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Here, there is no evidence that petitioner was misled by the state or otherwise prevented from timely filing a federal writ. Instead, petitioner alleges only that "I didn't know any limitations were set on how long I had to file this 2254." (Pet. Reply at 1). Ignorance of the law, including the one-year limitations period governing federal habeas proceedings, does not constitute a "rare and exceptional circumstance" sufficient to toll the AEDPA statute of limitations. *See Dean v. Quarterman*, No. 3-07-CV-0470-N, 2007 WL 1989470 at *3 (N.D. Tex. Jul. 5, 2007), *citing*

*Felder v. Johnson* 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000).[1] Petitioner's jury selection claim should be dismissed on limitations grounds.

C.

Petitioner also complains that the Texas Court of Criminal Appeals improperly denied his state writ without ruling on the issue presented. This claim, which did not accrue until the writ was denied on October 24, 2007, is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to petitioner's trial and resulting conviction are time-barred and should be dismissed on limitations grounds. Petitioner's claim that the Texas Court of Criminal Appeals failed to properly consider his state writ should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

[1] Statutory tolling may be justified where a prisoner is ignorant of the one-year statute of limitations and is unable to obtain a copy of the AEDPA from prison authorities. *See Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003). However, petitioner does not allege, much less prove, that he could not obtain a copy of the statute from the prison law library.

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 30, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE